JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Paul, Mary and Maryann Flannery (the Flannerys), appeal the decision of the Cuyahoga County Court of Common Pleas affirming the City of Independence Board of Zoning Appeals denial of their request for an area variance with regard to the property located at 6430 Evergreen Drive, Independence, Ohio. For the following reasons, we dismiss the appeal.
{¶ 2} On August 5, 1997, the Flannerys applied to the City of Independence Planning Commission for approval to subdivide their existing recorded lot, Permanent Parcel No. 564-04-034 (the Property), on Evergreen Drive into two non-conforming lots[1], and for approval by the Board of Zoning Appeals for variances from the lot size, lot width and lot depth requirements of the Independence Planning and Zoning Code.
{¶ 3} The matter was considered by the Board at three separate hearings. At the August 5, 1997 hearing, the matter was tabled pending further examination and review by the City Engineer regarding a possible water and drainage problem.[2]
{¶ 4} At the September 10, 1997 hearing, the matter was tabled pending a determination by the City of Independence Law Department whether the property was one lot or two. Specifically, whether the property should have more than one permanent parcel number since the deed to the property contains two separate legal descriptions for the lot.
{¶ 5} On December 9, 1997, the Cuyahoga County Auditor, upon the Flannerys' request, issued a second permanent parcel number for the Flannery side yard.
{¶ 6} On December 19, 1997, despite the new permanent parcel number, the Board of Zoning Appeals determined that the property consisted of only one lot and denied the Flannerys' request for variances.
{¶ 7} On January 8, 1998, pursuant to R.C. 2506.01, the Flannerys appealed the decision of the Board denying the variances in the Cuyahoga County Court of Common Pleas.
{¶ 8} On March 6, 1998, the Flannerys sold the portion of the property containing the house to Michael and Michelle Suhy (the Suhys).
{¶ 9} On June 9, 1998, the City of Independence filed a declaratory judgment action, Case No. 357154, against the Flannerys, the Suhys, the County Auditor and the County Recorder challenging the subdivision of the property by the County and the conveyance by the Flannerys to the Suhys.
{¶ 10} On August 28, 1998, the two cases were consolidated by the court.
{¶ 11} On December 7, 2000, the trial court issued a single judgment entry affirming the Board's denial of the Flannerys' requested variances, finding that there was only one parcel, no second separately owned or numbered parcel, that the Flannerys presented no evidence of practical difficulty and that the Board received substantial evidence of problems to neighboring properties if variances were granted. The trial court did not address any of the issues raised in the declaratory judgment action.
{¶ 12} The Flannerys appealed the trial court's decision. On July 13, 2001, this Court dismissed the appeal for lack of a final appealable order based on the fact that the declaratory judgment action had not yet been resolved.
{¶ 13} On January 10, 2002, the trial court issued an Order finding that there was no just reason for delay in proceeding with the administrative appeal and sent the case back.
{¶ 14} It is from this order that the Flannerys now appeal and raise three assignments of error for our review.
{¶ 15} Assignment of Error I states:
 {¶ 16} I. The trial court erred by ruling that its decision appealed herein is a final appealable order for which there is no just cause for delay when other issues remain pending in the trial court.
{¶ 17} In this assignment of error, the Flannerys argue that the trial court erred in certifying that there was no just cause for delay in proceeding with the administrative appeal, Case No. 346605, in the Court of Appeals. We agree.
{¶ 18} Civ.R 54(B) provides in pertinent part:
 {¶ 19} When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third party claim * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.
{¶ 20} In deciding that there is no just reason for delay, the trial judge must make a factual determination of whether the "interest of sound judicial administration is best served by allowing an immediate appeal." Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352. The trial judge should be careful to avoid a mechanical application of the Civ.R. 54(B) language. Id.
{¶ 21} Here, the issue before this Court in this administrative appeal is whether the Board properly determined that the property consisted of only one lot instead of two, and whether the Board properly denied variances based on that determination. In the declaratory action still pending before the trial court, the issue is whether the County Recorder and/or Auditor properly determined that the property consisted of two separate lots and whether the County properly issued a separate permanent parcel number.
{¶ 22} Clearly, these issues are not completely separate and distinct from each other. Indeed, it is apparent that these are so overlapped or intertwined that severability is impossible. If the County presents evidence that convinces a trier of fact that it had the authority to give the property a second permanent parcel number, then the Flannerys' claims for practical difficulties warranting the granting of the requested variances gains credence and relevance.
{¶ 23} Accordingly, we find that the interests of justice would best be served by returning these intertwined issues to the trial court to make a full and final determination as to all of the merits of this matter.
{¶ 24} Given our disposition of Assignment of Error I, we do not find it necessary to address Assignments of Error II and III, which are moot. App.R. 12(A)(1)(c).
Appeal dismissed.
It is ordered that appellee recover of appellants its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and ANNE L. KILBANE, J., CONCUR.
[1] The result of the division would create two smaller, non-conforming parcels, one occupied by an existing residence, and the other creating a new non-conforming seventy-five foot lot out of the existing side yard.
[2] On August 29, 1997, the City Engineer opined that the lot could be split and that construction of a home on the sublot was feasible with numerous variances. He also opined that the water problems could be corrected with a ten-foot wide drainage easement.